UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

Luis ESTRADA-Diaz,

    Defendant(s)

Magistrate Case No. '08 MJ 1659

COMPLAINT FOR VIOLATION OF:

Title 8 U.S.C., Sec. 1324 (a)(1)(A)(ii)
Transportation of Illegal
Aliens

The undersigned complainant, being duly sworn, states:

On or about **May 25, 2008**, within the Southern District of California, defendant **Luis ESTRADA-Diaz** with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, **Juan PARTIDA-Diaz, Javier GUERRERO-Valdez,** and **Luis MEDINA-Mendez** had come to, entered and remained in the United States in violation of law, did transport and move, said aliens within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
James E. Bailey
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **27th** DAY OF **MAY 2008**

Jan M. Adler
UNITED STATES MAGISTRATE JUDGE

CONTINUATION OF COMPLAINT:
Luis ESTRADA-Diaz

## PROBABLE CAUSE STATEMENT

I declare under the penalty of perjury that the following statement is true and correct:

Furthermore, the complainant states that **Juan PARTIDA-Diaz, Javier GUERRERO-Valdez,** and **Luis MEDINA-Mendez** are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On May 25, 2008 Border Patrol Agents E. Dawson and F. Polo were assigned patrol duties within the Brown Field Border Patrol Station's area of responsibility. At approximately 8:50 AM, the U.S. Border Patrol Checkpoint on State Route 94 received a telephone call from a citizen reporting a group of suspected undocumented aliens loading into a blue Range Rover SUV on Honey Springs road near Mother Grundy Truck Trail. The citizen reported that the subjects came out of the adjacent canyon and climbed into the vehicle before it continued south on Honey Springs road towards State Route 94. Agents from the checkpoint responded to the intersection of SR 94 and Honey Springs road. Agent Dawson observed a blue Range Rover traveling southbound on Honey Springs Road and then continued westbound on SR 94. Agent Polo followed the vehicle in his marked Border Patrol vehicle, with Agent Dawson, also in a marked Border Patrol unit shortly behind. As they approached the Daley Ranch gate, Agents Polo and Dawson activated their emergency lights and sirens in order to initiate a vehicle stop westbound SR94 at 8:58 AM.

The driver of the Range Rover ignored the emergency lights and sirens that were activated on both marked USBP vehicles and continued to travel westbound on SR 94. San Diego Sector dispatch was immediately informed of the failure to yield. Border Patrol Agent D. Neckel was positioned at an approved "spike zone" near the intersection of Rancho Jamul Estates Drive on westbound SR 94. Upon hearing that the vehicle failed to yield, Agent Neckel radioed the Pursuit Manager, Supervisory Border Patrol Agent G. Terrones and informed him of his position and requested permission to deploy a Controlled Tire Deflation Device (CTDD). Agent Terrones authorized the deployment of the CTDD. Agent Neckel observed the Range Rover approaching his location, with the two marked USBP units following it. Both vehicles had their emergency lights and sirens activated and all were clearly visible and audible. Agent Neckel had parked his unmarked USBP K9 vehicle completely off of the roadway on the westbound shoulder of SR94. As the Range Rover passed his location, Agent Neckel slid two connected "Stop-Stick" CTDD devices into the westbound lane of SR 94. The driver dangerously swerved the Range Rover in an attempt to avoid the CTDD; however, the right front tire of the Range Rover hit the second Stop Stick. Agent Neckel immediately notified all personnel of a positive deployment via service radio and then cleared the roadway of the CTDD's to assure the roadway was safe and clear.

Once the roadway was cleared of the CTDD's, Agents Dawson and Polo continued to follow the Range Rover for approximately .75 miles as the front right tire continued to deflate. The Range Rover came to a stop on SR 94 in the westbound lane, near the Department of Forestry Fire Station in Jamul, California. As soon as the Range Rover came to a stop at the previously listed location, Agent Dawson announced his presence as a United States Border Patrol Agent and he observed the driver, later identified as the defendant **Luis ESTRADA-Diaz**, open the door in an attempt to abscond. Upon observing Agent Dawson's close proximity, the defendant raised his arms and turned towards the front of the vehicle. Agent Polo then instructed the defendant to walk backward towards Agent Dawson and to establish a prone position on the ground. At 9:00 a.m., Agent Dawson placed the defendant into custody. While Agent Dawson was placing the defendant in the sedan, Agents Polo and Davila instructed the three passengers to exit the vehicle and establish a prone position just outside of the vehicle off of the roadway. Agent Polo identified himself as a U.S. Border Patrol Agent and then approached the three individuals and questioned each individual as to

**CONTINUATION OF COMPLAINT:**
**Luis ESTRADA-Diaz**

their citizenship. When asked "Of what country are you a citizen or national?" each of the three passengers replied "Mexico". When asked "Do you have any documents to enter and/or remain in the United States legally?" each of the three passengers replied "No." Agent Dawson then questioned the defendant "Of what country are you a citizen or national?" to which the defendant replied "Mexico". When asked "Do you have any documents to enter or remain here legally?" the defendant replied "No". The defendant and all passengers were transported to the Brown Field Border Patrol Station for further processing.

## MATERIAL WITNESSES STATEMENTS:

Material witnesses **Juan PARTIDA-Diaz**, **Javier GUERRERO-Valdez**, and **Luis MEDINA-Mendez** agree in summary that they are citizens and nationals of Mexico illegally present in the United States and did not have any immigration documents allowing them to be or remain in the United States legally. They stated that they made arrangements in Mexico to be smuggled into the United States illegally. The material witnesses stated that they were to pay $1,500 to $2,000 (US) to be smuggled into the United States.

Executed on May 26, 2008, at 9:30 a.m.

_____
Tomas M. Jimenez
Senior Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of 3 page(s), I find probable cause to believe that the defendant named in this probable cause statement committed the offense on **May 25, 2008**, in violation of Title 8, United States Code, Section 1324.

_____        5/26/08 @ 10:43 a.m.
Jan M. Adler                            Date/Time
United States Magistrate Judge